IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 8:04CR120 |
| | ) | |
| v. | ) | |
| | ) | |
| HORTENSIA SEVILLA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on initial review of the defendant, Hortensia Sevilla's, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255). (Filing No. 92), and defendant's Motion for Leave to Proceed In Forma Pauperis. (Filing No.93).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count I of the Indictment, Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 the court sentenced defendant to the custody of the United States Bureau of Prisons for a term of 120 months followed by five years supervised release. Defendant did not file a direct appeal.

In her § 2255 motion defendant raises the following issues: (1) that she received ineffective assistance of counsel based on her counsel's failure to rebut the quantity of drugs used in calculating her sentence; (2) that defendant received ineffective assistance of counsel based on counsel's failure to file a notice of appeal; (3) that defendant received ineffective assistance of counsel based on counsel's failure to explain the consequences of her plea agreement; (4) that defendant received ineffective assistance of counsel based on counsel's failure to present her with and explain the Presentence Investigation Report (PSR); (5) that defendant's sentence is not in proportion to her offense; and (6) that the Sentencing Guidelines are unconstitutional.

The United States shall respond to the defendant's claims by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 92);

2. Upon initial review, the Court finds that summary dismissal of the defendant's Claims in the § 2255 motion is not required;

3. On or before, July 14, 2006, the United States shall file an Answer to the defendant's Claims in the § 2255 motion and support its Answer with a brief;

4. On or before, August 14, 2006, the defendant may file a responsive brief;

5. The defendant's Motion to proceed In Forma Pauperis (Filing No. 92) is granted; and

6.      The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at her last known address.

DATED this 8th day of June, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge