IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 8:04CR120 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| HORTENSIA SEVILLA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 92). The Court has considered the government's Answer (Filing No. 95).

## FACTUAL BACKGROUND

The Defendant, Hortensia Sevilla, pleaded guilty to Count I of the Indictment charging her with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The Court sentenced the Defendant to 120 months imprisonment followed by five years supervised release. (Filing No. 83.)

In her petition to enter into a plea agreement, the Defendant stated: she understood the charges against her; she was aware she could receive from ten years to life imprisonment for the charged offense; and she was guilty of the charged offense. (Filing No. 73, ¶¶ 6, 13(a), and 47). In the plea agreement, the Defendant waived her right to appeal from her conviction and to seek postconviction relief through a motion filed pursuant to 28 U.S.C. § 2255 except in limited circumstances involving ineffective assistance of counsel or prosecutorial misconduct. (Filing No. 74,¶ 6(b).) The Defendant did not file a direct appeal.

In her § 2255 motion, the Defendant argues that her attorney was ineffective in that he: failed to file a Notice of Appeal after Defendant requested him to do so; failed to explain and provide her with the final copy of her Presentence Investigation Report ("PSR"); and failed to explain the consequences of entering into a plea and of her plea agreement. (Filing No. 92.)

## DISCUSSION

**Claim One - Failure to Appeal**

The Defendant argues that her attorney failed to file a notice of appeal. The failure of an attorney to file an appeal "after being instructed to do so by his client constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

In response to the motion, attorney Jon S. Natvig filed an affidavit stating that "[p]rior to, during and at the conclusion of the sentencing hearing, the Defendant did not request an appeal be filed on her behalf." (Filing No. 95-2, ¶ 1.) Furthermore, in her plea agreement, Defendant waived her right to appeal her conviction. (Filing No. 74, ¶ 6). Defendant was specifically advised of this waiver at the plea hearing and she acknowledged that she understood and agreed to the waiver of appellate rights. (Filing No. 76 ("TR"), at 11.) Therefore, Defendant's claim is denied.

**Claim Two - Plea Agreement**

The Defendant first argues that her plea agreement was not voluntary because her attorney did not explain the consequence of entering into the agreement.

2

However, the Defendant provides nothing but this general allegation to support her claim, while the record contradicts her allegations. In the plea petition, the Defendant stated that she: understood the charges against her; acknowledged that she could receive from ten years to life imprisonment for the charged offense; and was guilty of the charged offense. (Filing No. 73.) At the plea hearing before Magistrate Judge F.A. Gossett, Defendant's attorney, Jon Natvig, stated that Defendant completed the plea petition by reviewing each paragraph in Spanish and marking her answers on the petition. (TR, at 14.) And indeed, at the plea hearing, with the assistance of an interpreter, the Defendant stated that she voluntarily answered each question in the plea petition. (TR, at 15.)

Furthermore, at the plea hearing, the Defendant stated that she was satisfied with her attorney's representation. (TR, at 9.) Judge Gossett then specifically reviewed the Defendant's waiver of her appellate rights in the plea agreement, confirming that she understood the substance of the waiver. (TR, at 9-10.) Judge Gossett thoroughly reviewed the contents of the plea agreement and the Defendant verified that she voluntarily signed the agreement absent any threats and that she had no questions regarding the agreement. (TR, at 20-24.) Based on the Defendant's statements made under oath, Judge Gossett issued a Report and Recommendation to this Court finding that the plea was knowing, intelligent and voluntary. (Filing No. 70.) This Court adopted Judge Gossett's Report and Recommendation in its entirety, and neither party objected to the Report and Recommendation. (Filing No. 78.) Therefore, based on this record, Defendant's claim that she was coerced into signing her plea agreement and that she did not understand the consequences of the agreement is denied.

**Claims Three and Four - PSR**

In the Defendant's final claims, she states that counsel was ineffective for failing to explain the PSR to her and failing to object to the drug quantity reflected in the PSR. To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

In attorney Natvig's affidavit, he states the following with respect to the communication between him and his client with respect to the PSR:

> On April 6, 2005, [Mr. Natvig] received and reviewed the first draft of the [PSR]. A letter was dictated to the client with a copy of the document for her review. Defendant Sevilla was advised to contact the undersigned if she needed interpreter services to review the document. On or about April 14, 2005, correspondence written by Defendant Sevilla advising me of her concerns regarding the [PSR] was received by [Mr. Natvig]. Despite Defendant Sevilla's continual representation to the Court that she did not speak English, the undersigned did meet with Defendant Sevilla on one occasion and undertook numerous telephone conversations with the Defendant in the English language, only. Defendant Sevilla acknowledged to the undersigned that her ability to understand the English language in the spoken form was limited. Nevertheless, her ability to read and understand the written English language was very good. A copy of the undersigned's correspondence and the Defendant's written response dated April 14, 2005, are attached hereto and incorporated by reference herein.

(Filing No. 95-2, ¶ 10.)

The letter attached to Natvig's affidavit from the Defendant to Natvig in English identifies errors in and discusses the PSR. (Filing No. 95-2). Moreover, although the Defendant exercised the benefit of a certified Spanish language interpreter during her court appearances, at sentencing she unequivocally stated that she read the PSR in English and understood its contents. Therefore, although it might have been preferable to have the PSR read to the Defendant in Spanish despite her assurances that she understood the report, the record does not support the Defendant's claim that Natvig did not explain the PSR to her. Moreover, the Defendant suffered no prejudice because she was sentenced to the term of imprisonment agreed upon in the plea agreement.

Furthermore, because the Defendant received the sentence contemplated in the plea agreement, she cannot establish that she was prejudiced by any failure of her attorney to object to the drug quantity in the PSR. The plea agreement stated that "[p]ursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties agree that the Defendant should be sentenced to 120 months imprisonment." (Filing No. 74 at ¶ 3). Furthermore, the plea agreement explained that this agreement was "intended by both parties to eliminate all possible issues under the U.S.S.G. such as criminal history, role in the offense, application of the 'safety valve,' role in the offense and any other issues arising under the U.S.S.G." (Filing No. 74, ¶ 3.) And as discussed in detail above, at the plea hearing, with the assistance of an interpreter, the Court reviewed the plea agreement with Defendant and she confirmed that she agreed to the contents of the document.

For the reasons discussed, claims three and four are denied.

## CONCLUSION

Based on the record, the Defendant's claims lack merit and her § 2255 motion is denied.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 92) is denied;

2. A separate judgment will be entered; and

3. The Clerk of Court is directed to send of copy of this Memorandum and Order to the Defendant at her last-known address.

DATED this 29th day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge